UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:25-CV-00103-MEO-DCK

| | |
|---|---|
| JANET G. ISBELL,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT GOODWIN,<br>ALEX LEE, INC.,<br>LOWE'S FOODS, AND<br>LOWE'S FOODS OF MOORESVILLE,<br><br>Defendants. | <u>MEMORANDUM & ORDER</u> |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss. (Doc. No. 9). For the reasons set forth below, the Court will grant the motion.

## I. BACKGROUND

Plaintiff, a former employee of Lowes Foods, alleges that on May 24, 2024, a co-worker approached her from behind and "forcefully rammed her knee into Plaintiff's crotch." (Doc. No. 1-1 ("Compl.") ¶ 6). Plaintiff alleges that when she reported the incident to her manager, Defendant Goodwin, he responded, "It's Memorial Day Weekend and I just don't have time for this!" *Id.* ¶ 7. Plaintiff resigned that same day. *Id.* ¶ 10.

The Complaint asserted claims for discrimination, harassment, constructive discharge, negligent supervision, and punitive damages against all Defendants. By notice filed August 29, 2025, Plaintiff voluntarily dismissed with prejudice the

discrimination claim set forth at paragraphs 25 through 28 of the Complaint. (Doc. No. 11; Doc. No. 14, at 1). Remaining before the Court are Plaintiff's claims for harassment, constructive discharge, negligent supervision, and punitive damages.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570; *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pleaded facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cnty. N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

Construing the facts in this manner, a complaint must contain "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (internal quotation marks omitted) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## III. DISCUSSION

### A. Claims Against Defendants Goodwin, Alex Lee, Inc., and Lowes Foods of Mooresville

Plaintiff's Response addresses only her harassment and constructive discharge claims against Defendant Lowes Foods, LLC. (Doc. No. 14). She offers no argument opposing dismissal of any claim against Defendant Goodwin, Defendant Alex Lee, Inc., or Lowes Foods of Mooresville. Arguments not defended in opposition to a motion to dismiss are treated as abandoned.

Dismissal of these Defendants is independently warranted on two grounds. First, Plaintiff did not name Goodwin, Alex Lee, Inc., or Lowes Foods of Mooresville in her EEOC Charge, and the time to do so has passed. (Compl. ¶ 5; Ex. A). The touchstone for exhaustion is whether the administrative and judicial claims are "reasonably related," not whether they are identical. *Sydnor v. Fairfax County*, 681 F.3d 591, 595 (4th Cir. 2012). Because the Charge named only Lowes Foods, Plaintiff's claims against the remaining Defendants are unexhausted.

Second, as to Defendant Goodwin individually, Title VII and the ADEA restrict liability to "employers" and do not reach individual supervisors. *See* 42 U.S.C. §

2000e-2(a); *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) (Title VII); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994) ( ADEA).

All claims against Defendants Goodwin, Alex Lee, Inc., and Lowes Foods of Mooresville require dismissal.

### B. Harassment Claim (Against Defendant Lowes Foods, LLC)

To state a hostile work environment claim, Plaintiff must plausibly allege that (1) she experienced unwelcome harassment, (2) the harassment was based on a protected characteristic, (3) the harassment was severe or pervasive enough to alter the conditions of employment, and (4) there is a basis to impose liability on the employer. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Title VII "does not set forth a general civility code for the American workplace," and callous or rude conduct by a coworker or supervisor is not, standing alone, actionable. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation omitted); *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008).

The Complaint's harassment allegations rest on Mr. Goodwin's response to Plaintiff's report — that he was too busy to address it — and on the separate incident involving her co-worker. (Compl. ¶¶ 6–7, 15–16). Neither is tied by any pleaded fact to Plaintiff's sex or age. The Complaint alleges no animus, no differential treatment of similarly situated employees, and no other circumstance from which a protected-class nexus could reasonably be inferred; a plaintiff "cannot rely on her own 'conjecture' to impute a racial character" to otherwise neutral conduct, and the same requirement of a pleaded nexus applies to Plaintiff's sex- and age-based theories.

*McIver v. Bridgestone Ams., Inc.*, 42 F.4th 398, 409 (4th Cir. 2022).

Nor does the Complaint plead a basis for imputing the co-worker's conduct to the employer. An employer is liable for co-worker harassment only where it knew or should have known of the conduct and "failed to take action reasonably calculated to stop it." *Bazemore v. Best Buy*, 957 F.3d 195, 201 (4th Cir. 2020) (citation omitted). The Complaint contains no allegation that Lowes Foods had any notice of the co-worker's propensity for the alleged conduct before it occurred.

The Court is mindful that a single incident of harassment, if sufficiently serious, may itself be "severe enough to engender a hostile work environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 280 (4th Cir. 2015) (en banc). But that principle answers only the severity inquiry; it does not excuse the independent, threshold requirement that the harassment be shown to relate to a protected characteristic. Because the Complaint pleads no such nexus, *Boyer-Liberto* does not save Plaintiff's claim.

The Complaint fails to plead a protected-class nexus or a basis for employer liability, and the harassment claim must be dismissed.

**C. Constructive Discharge Claim**

A constructive discharge claim requires a plausible allegation that the plaintiff was discriminated against by her employer to the point that "a reasonable person in h[er] position would have felt compelled to resign," and that she in fact resigned. *Perkins v. Int'l Paper Co.*, 936 F.3d 183, 211 (4th Cir. 2019). This standard requires "something more" than the showing required for a hostile work environment claim.

*Id.* Absent conditions beyond ordinary workplace discrimination, an employee is "expected to remain on the job while seeking redress." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147 (2004).

Because Plaintiff has not stated a hostile work environment claim, her constructive discharge claim necessarily fails as well, for "it necessarily follows that [she] cannot show constructive discharge." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 212 (4th Cir. 2019). Independently, the Complaint alleges a single incident followed by an immediate, same-day resignation, without any allegation that Lowes Foods was afforded an opportunity to investigate or respond and without any allegation that Defendants acted with intent to force Plaintiff's resignation. A single, isolated incident is generally insufficient to establish the requisite intolerability. *See Holloway v. Maryland*, 32 F.4th 293, 301 (4th Cir. 2022) (rejecting a claim premised on "one episode of yelling and pounding the table").

For these reasons, the constructive discharge claim fails.

### D. Negligent Supervision Claim

Under North Carolina law, a negligent supervision claim requires: (1) a specific negligent act; (2) incompetency of the employee, established by inherent unfitness or prior specific acts of negligence; (3) actual or constructive notice of that incompetency to the employer; and (4) injury proximately resulting from it. *Medlin v. Bass*, 398 S.E.2d 460, 462 (N.C. 1990). The Complaint alleges no facts showing the co-worker was inherently unfit or had a history of similar conduct, and no facts showing Lowes Foods had actual or constructive notice of any such unfitness before the incident.

Further, because North Carolina does not recognize harassment as a common-law tort, harassment cannot serve as the underlying tortious act for a negligent supervision claim. *McLean v. Patten Cmtys., Inc.*, 332 F.3d 714, 719 (4th Cir. 2003).

The negligent supervision claim fails as a matter of law.

**E. Punitive Damages**

Plaintiff pleads punitive damages as a freestanding cause of action. "North Carolina does not recognize a 'cause of action' for punitive damages"; punitive damages are a remedy incident to an underlying tort, not an independent claim. *Baldwin v. Duke Energy Corp.*, No. 3:12cv212, 2012 U.S. Dist. LEXIS 116235, at *2 (W.D.N.C. Aug. 17, 2012). Because Plaintiff's remaining substantive claims are dismissed, and because North Carolina law does not in any event authorize a standalone punitive damages claim, this claim also requires dismissal. *See, e.g.*, *Combs & Assoc. v. Kennedy*, 147 N.C. App. 362, 374 (2001).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. 9) is **GRANTED**;
2. Plaintiff's claims against all defendants are **DISMISSED WITH PREJUDICE**; and
3. This action is **DISMISSED WITH PREJUDICE** in its entirety.

**SO ORDERED.**

Matthew E. Orso
United States District Judge